# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**AMERICRAFT CARTON, INC.,**

    **Plaintiff,**

v.

**WHITE PIGEON PAPER CO.,**

    **Defendant.**

**Case No. 19-2090-DDC-TJJ**

## MEMORANDUM AND ORDER

Defendant White Pigeon Paper Company ("White Pigeon"), relying on 28 U.S.C. § 1631 and asserting that this court lacks personal jurisdiction over it, moves to transfer this action to the Western District of Michigan. Doc. 7. Plaintiff Americraft Carton, Inc. ("Americraft") disputes that this court lacks personal jurisdiction over White Pigeon but, through its own motion, consents to the transfer of this action to the Western District of Michigan under 28 U.S.C. § 1404. Doc. 12. Because a transfer of venue is appropriate under 28 U.S.C. § 1404(a), the court grants Americraft's Motion to Transfer. And, granting Americraft's Motion to Transfer renders White Pigeon's Motion moot.

    **I.**    **Factual Background**

Americraft, a Missouri corporation with its principal place of business in Kansas, initiated this breach of contract action in the District Court of Johnson County, Kansas. Doc. 1-1 at 2. The complaint alleges White Pigeon, which is incorporated in and has its principal place of business in Michigan, provided Americraft with substandard paperboard. *Id.* at 2, 3–6. The Complaint further alleges Americraft sustained $556,512 in damages when trying to apply graphic designs to the substandard paperboard. *Id.* at 8. White Pigeon removed this action to

federal court. Doc. 1; *see* 28 U.S.C. § 1441(a), (b) (statute governing removal where diversity jurisdiction exists); *see also* 28 U.S.C. § 1332 (diversity jurisdiction statute).

Before filing an answer, White Pigeon moved to transfer this action to the Western District of Michigan, arguing this court lacked personal jurisdiction over White Pigeon based on its lack of contacts with Kansas. Docs. 7–8; *see* 28 U.S.C. § 1631. In response, Americraft tacitly refuted White Pigeon's personal jurisdiction arguments but filed a motion consenting to transfer the action to Western District of Michigan under 28 U.S.C. § 1404. Doc. 12.

**II.     Analysis**

Section 1404(a) of Title 28 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The factors a district court should consider when deciding whether to transfer an action under 28 U.S.C. § 1404(a) include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; . . . and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp. v. Cty. Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

Here, both parties consent to transfer the action to the Western District of Michigan. Also, the parties agree that White Pigeon manufactured the paperboard within the Western District of Michigan and that the majority of anticipated witnesses in this action reside either in the Western District of Michigan or in Tennessee. And, transferring this action to the Western District of Michigan will not unduly inconvenience Americraft because Americraft operates a

2

facility in that district and consents to transfer. *See* Doc. 8-3 at 2; Doc. 12. Finally, transferring this action under § 1404(a) will allow a more efficient resolution of the merits of the action because doing so will obviate any need for discovery and fact-finding on the personal jurisdiction issue raised in White Pigeon's Motion to Transfer.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Americraft's Motion to Transfer Venue (Doc. 12) is granted.

**IT IS FURTER ORDERED BY THE COURT THAT** White Pigeon's Motion to Transfer Venue (Doc. 7) is denied as moot.

**IT IS FURTHER ORDERED BY THE COURT THAT**, under 28 U.S.C. § 1404, the Clerk of the Court is directed to take all necessary steps to transfer this action to the Western District of Michigan.

**IT IS SO ORDERED.**

**Dated this 8th day of April, 2019, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**